IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SANTIAGO SOLA-MORALES,**

                **Petitioner,**

    v.                                     CASE NO. 18-3057-SAC

**SEDGWICK COUNTY DISTRICT COURT,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for mandamus filed by a prisoner in state custody. Petitioner proceeds pro se.

**Background**

Petitioner was convicted of voluntary manslaughter, and the conviction and sentence were affirmed on appeal. *State v. Sola-Morales*, 185 P.3d 972 (Table), 2008 WL 2510154 (Kan.Ct.App. Jun. 20, 2008), *rev. denied*, Nov. 4, 2008.

Petitioner then filed a motion for post-conviction relief under K.S.A. 60-1507. The district court denied the motion, and petitioner appealed. The Kansas Court of Appeals affirmed, but the Kansas Supreme Court reversed that decision and remanded the matter to the district court for an evidentiary hearing. *Sola-Morales v. State*, 335 P.3d 1162 (Kan. 2014).

Petitioner states the hearing has not been held, and he seeks mandamus relief to compel the hearing.

**Discussion**

The All Writs Act allows federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). However, the power of a federal court to issue

relief under the Act is contingent upon its subject matter jurisdiction over the case or controversy. *United States v. Denedo*, 556 U.S. 904, 911 (2009). *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972)(the All Writs Act "does not operate to confer jurisdiction").

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, a suit seeking mandamus relief under this provision must name a federal officer or employee as a respondent. *See Rivers v. King*, 23 Fed.Appx. 905, 08 n. 4 (10th Cir. Nov. 21, 2001)("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials."). *See also Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989)("No relief against state officials or state agencies is afforded by § 1361.")

Because the relief petitioner seeks is to compel action by state officials, this matter must be dismissed for lack of jurisdiction.[1]

IT IS, THEREFORE, BY THE COURT ORDERED the petition for mandamus is dismissed for lack of jurisdiction.

---

[1] Although petitioner has no mandamus remedy in federal court, Article 3, § 3 of the Kansas Constitution vests original jurisdiction in proceedings in mandamus upon the Kansas Supreme Court. Petitioner proceeds under K.S.A. 60-801, which defines mandamus as "a proceeding to compel some inferior court … to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." Therefore, petitioner may present his request under K.S.A. 60-801 to the state supreme court.

**IT IS SO ORDERED.**

DATED:  This 7th day of March, 2018, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge